IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

LEIGH ANN ALFORD, individually and as )
Administrator of the Estate of GERALD )
MARTIN, (deceased), )
  )
   Plaintiff, )
vs. ) Cause No. _____
  )
UNITED STATES OF AMERICA, )
  )
   Defendant. )

## COMPLAINT

COMES NOW Plaintiff Leigh Ann Alford individually and as Administrator of the Estate of Gerald Martin (deceased) by and through undersigned counsel, and for her Complaint against Defendant United States of America, states:

### JURISDICTION AND VENUE

1. JURISDICTION: Jurisdiction is proper under 28 U.S.C. §1346(b).  This Count is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq.

2. VENUE: Venue is proper in this District pursuant to 28 U.S.C. §1402 and 28 U.S.C. §1346 as Plaintiff is and was at all relevant times a resident of this Judicial District and the tortious acts or omissions complained of occurred within this Judicial District.

### ALLEGATIONS COMMON  TO ALL COUNTS

3. At all times relevant hereto, Gerald Martin was and an adult resident and citizen of the State of Missouri and a veteran of the United States Military.

4. Gerald Martin died on June 5, 2018 in Missouri.

5.      Leigh Ann Alford, an adult citizen of the State of Missouri, is the daughter and sole surviving child of Gerald Martin, and has been appointed as the Administrator of the Estate of Gerald Martin (deceased).

6.      At all times relevant hereto, The Department of Veterans Affairs Medical Center at Columbia, Missouri, a/k/a "Harry S. Truman VA Hospital, a/k/a "Harry S. Truman Memorial Veterans' Hospital", "Truman Hospital", "Truman Memorial Hospital", "Truman VA", "HSTVA and the VISN 15: VA Heartland West facilities [collectively "Truman VA Hospital"] were and are a part of the Department of Veterans Affairs, an agency of the U.S. government and did own, control, manage or operate a medical center and hospital in Columbia, State of Missouri, and elsewhere in Missouri, and did employ physicians, nurses and other licensed medical professionals to practice medicine and/or their health-care related professions, and did hold itself out to the public and to Plaintiff as providing qualified medical and hospital services.

7.      At all times relevant hereto, Truman VA Hospital was a part of the federal government or was a "Federal Agency" as defined in 28 U.S.C. §2671, et seq., and said Hospital and each individual defendant herein named was acting within the scope of its agency or employment by the United States Department of Veterans Affairs.

8.      At the times indicated herein, Gerald Martin had presented at and was accepted and was being treated as a patient at Truman VA Hospital, and by and through each individual health care provider employed therein or providing services by contract or agreement of said facility or the Department of Veterans Affairs, and each of them owed to Gerald Martin, and to Plaintiffs, the duty to provide hospital, nursing, medical and/or surgical care with the skill and care of a reasonable physician or other health-care professional in the same or similar

2

circumstances, and Truman VA Hospital had the duty to provide such qualified and competent health care professionals and care.

9.      At all relevant times, Defendant UNITED STATES OF AMERICA acted by and through Truman VA Hospital, and its actual and apparent agents and employees, including its physicians, administrators, nurses, technicians, social workers, aides, and including, but not limited to, each of the individual Defendants named herein, and did hold each of said care providers out as its employee or agent, both by express statement and/or by action and uniform or insignia, and Plaintiff did rely upon such representations.

10.     An administrative claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq., was timely made on behalf of the veteran and served on the Department of Veterans Affairs on September 18, 2017, prior to the veteran's death, and was denied on March 30, 2018.

11.     An Amended administrative claim was filed on September 24, 2018 as well as a Request for Reconsideration was filed by Plaintiff on September 25, 2018, [Exhibit 1] which was acknowledged and accepted by Defendant on October 17, 2018. [Acceptance of reconsideration, Exhibit 2].  There has not been, to date, a denial of that Amended administrative claim.

12.     Plaintiff also filed on September 24, 2018, an new Administrative claim, based upon the wrongful death of the veteran, after defendant passed from his injury. [Exhibit 3]. Defendant has not denied that claim as of the date of this filing.

13.     Decedent, Gerald Martin, was living independently and performing his own "activities of daily living" (ADL's) prior to his admission to Defendant's facility in 2017.

14.     Gerald Martin, was admitted and was a patient at the Truman VA Hospital, June

3

6th through June 12, 2017 during which he underwent and tolerated well bilateral femoral endarterectomies as well as bilateral kissing iliac stents.

15.     Post surgically, decedent was noted in the hospital to be recovering well and was ambulating over one-hundred feet and able to transfer to his chair, and the hospital records indicate he had healed well prior to discharge.

16.     Gerald Martin was ordered to be discharged from Truman VA on June 12th, 2017, in stable condition with orders to resume regular activities.

17.     On that same date, an employee registered nurse of the Truman VA, Claudia Jo Simkins, prepared Gerald Martin for discharge, noting he was ambulating well.

18.     To effect the discharge, Nurse  Simkins placed Gerald Martin in a wheelchair, using a pillow to prop up the patient, and pushed the veteran out to the circle drive where his daughter, Leigh Ann Alford, was waiting with a vehicle to take him home.

19.     Upon exiting the building, nurse Simkins While exiting the building through the circle drive front doors, nurse Simkins directed the wheelchair to a sudden stop,  and "dumped" the veteran from the wheelchair or otherwise caused or allowed him to fall from the wheelchair, causing decedent to land directly on his buttocks on the concrete circle drive.

20.     Decedent suffered and demonstrated sudden and extreme pain and had to be lifted with the assistance of multiple providers and placed in the waiting vehicle.

21.     The impact from the fall from the wheelchair caused decedent to suffer multiple vertebral fractures as well as dehiscence of his surgical incisions, after which he was no longer able to necessarily ambulate after the fall, nor was he able to sustain his independence he had prior to the June 6th admission to Truman VA.

22.     During the evening of June 12, 2017,  after the fall Gerald Martins PICC line began leaking and he woke the morning of June 13, 2017 soaking wet from his PICC line.

23.     Due to the fractures, leaking PICC line and injuries Gerald Martin sustained from the fall from while escorted by Truman VA registered nurse Simkin, decedent's daughter  was instructed to take Gerald Martin to the Emergency Room to be examined, and Plaintiff took her father to the closest facility,  which was Citizens Memorial Hospital in Bolivar Missouri.

24.      Upon examination and x-rays at Citizens Memorial Gerald Martin was diagnosed with multiple superior endplate compression fractures located in his spine at L1 and T12.

25.     Gerald Martin was discharged from Citizens Memorial with compression fractures and physician instructions to follow up with his vascular surgeon, primary care physician and Dr. Morrison.

26.     As a direct result from the fall causing pain and compression fractures, Gerald Martin had a dramatic decreased immobility, severe pain, depression, was never able to live independently again.

27.     Plaintiff's decedent followed up at the Truman VA facility where, due to his wound dehiscence, pain and infection problems the veteran was transferred to Missouri University Hospital in Columbia.

28.     At Missouri University Hospital, an additional midshaft fracture of the left clavicle was identified and surgery was performed to address the failure of his vascular surgeries and his post operative infections.

29.     The veteran was then transferred to Osage Beach Rehabilitation facility on or

about July 7, 2017.

30.     From that time until his death July 5, 2018, the veteran was transferred and treated between the Truman VA, University of Missouri health facilities, Osage Beach Rehabilitation facility, or other health care facilities, and did not regain the ability to live on his own.

## COUNT I
### Survival Action

COMES NOW Plaintiff as Administrator of the Estate of Gerald Martin (deceased) and for Count I of her Complaint states:

31.     Plaintiff restates and incorporates by reference paragraphs one through 30 as if fully restated in Count I herein.

32.     Plaintiff is the duly appointed Administrator of the Estate of Gerald Martin, (deceased) [Exh. 4], and is the proper party to bring this action pursuant to the Missouri Survival Act, §537.020 et seq.

33.     At the time Gerald Martin was being discharged, Defendant knew of his medical conditions and infirmities that decreased his ability to support or protect himself and increased risk to his health.

34.     During the care of Plaintiff's decedent at the Truman VA MC, Defendant committed one or more of the following negligent acts or omissions:

a)      Defendant failed to secure Gerald Martin in his wheelchair while pushing him out for pickup;

b)      Defendant used an inadequately equipped or sized wheelchair to transfer Gerald

Martin on discharge;

c)    Defendant improperly used a pillow to raise or prop up Gerald Martin on

discharge;

d)    Defendant improperly set the foot supports on the wheelchair used to discharge

Gerald Martin;

e)    Defendant caused or allowed Gerald Martin to traumatically fall onto the

pavement after a sudden stop during discharge;

35.    As a direct and proximate result of the negligent acts or omissions aforesaid,

Gerald Martin was caused to suffer vertebral fractures and other injury to his spine, fracture of

his clavicle, dehiscense of his wounds and disruption of his care and medication, and/or

aggravations of prior conditions,  resulting in a dramatic decrease in his mobility and ability to

care for himself, recover, or manage his health and personal needs, severe pain requiring long-

term significant opiate medications, depression, incontinence, pressure ulcers, deonditioning and

cessation of his social life and activities.  As further direct and proximate result of the negligent

acts and omissions above stated, and of the injuries suffered, Gerald Martin was caused to lose

the ability to live independently, and was unable to do so after the fall, he suffered infection and

deterioration of his body and mental state, until his death, and required additional medical and

surgical care, medications and therapies, including hospitalizations and admission to

rehabilitation or nursing facilities and expenses therefore.

WHEREFORE, for the reasons stated above, Plaintiff as the Administrator of the Estate

of Gerald Martin (deceased) prays this Court enter judgment in her favor and against Defendant

U.S.A. in such amounts as are fair and reasonable and sufficient to compensate for the loss and

damages suffered by Gerald Martin prior to his death, for costs of suit, and for such other relief as this Court deems just and proper.

## COUNT II
### Wrongful Death

COMES NOW Plaintiff individually as a Class I beneficiary of the Missouri Wrongful Death Act and for Count II of her Complaint states:

36.    Plaintiff restates and incorporates by reference paragraphs one through 30 as if fully restated in Count I herein.

37.    Plaintiff is the only child of the decedent and is thus the only  known Class I beneficiary of the Missouri Wrongful Death Act and the proper party to bring this action.

38.    At the time Gerald Martin was being discharged, Defendant knew or should have known of his medical conditions and infirmities that decreased his ability to support or protect himself and increased risk to his health.

39.    During the care of Plaintiff's decedent at the Truman VA MC, Defendant committed one or more of the following negligent acts or omissions:

a)    Defendant failed to secure Gerald Martin in his wheelchair while pushing him out for pickup;

b)    Defendant used an inadequately equipped or sized wheelchair to transfer Gerald Martin on discharge;

c)    Defendant improperly used a pillow to raise or prop up Gerald Martin on discharge;

8

d)      Defendant improperly set the foot supports on the wheelchair used to discharge Gerald Martin;

e)      Defendant caused or allowed Gerald Martin to traumatically fall onto the pavement after a sudden stop during discharge;

40.     As a direct and proximate result of the negligent acts or omissions aforesaid, Gerald Martin was caused to suffer vertebral fractures and other injury to his spine, fracture of his clavicle, dehiscense of his wounds and disruption of his care and medication, and/or aggravations of prior conditions,  resulting in a dramatic decrease in his mobility and ability to care for himself, recover, or manage his health and personal needs, severe pain requiring long-term significant opiate medications, depression, incontinence, pressure ulcers, deonditioning and cessation of his social life and activities.  As further direct and proximate result of the negligent acts and omissions above stated, and of the injuries suffered, Gerald Martin was caused to lose the ability to live independently, and was unable to do so after the fall, he suffered infection and deterioration of his body and mental state, until his death, and required additional medical and surgical care, medications and therapies, including hospitalizations and admission to rehabilitation or nursing facilities and expenses therefore; and the damage and injury sustained as described above contributed to cause and hasten his death.

WHEREFORE, for the reasons stated above, Plaintiff as the Administrator of the Estate of Gerald Martin (deceased) prays this Court enter judgment in her favor and against Defendant U.S.A. in such amounts as are fair and reasonable and sufficient to compensate for the loss and damages suffered by Gerald Martin prior to his death, for the loss of the care, comfort and company and for all other losses allowed by the Missouri Wrongful Death Act, 537.080 et seq.,

9

for costs of suit, and for such other relief as this Court deems just and proper.

THE LAW OFFICES OF DAVID N. DAMICK

/s/ David Damick
David N. Damick, MBEN 38903
One Metropolitan Square, Suite 2420B
211 North Broadway
St. Louis, Missouri 63102-2733
TEL: (314) 231-0570
FAX: (314) 621-8639
dnd@damicklaw.com
Attorneys for Plaintiff